**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FLOYD MARSH, | No. 16-cv-2220 |
|      Plaintiff, | |
| v. | Honorable Judge |
| | Magistrate Judge |
| SGT. HAIN, #610, OFFICER TERRANCE HOFFMAN, UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS, and KANE COUNTY, | |
|      Defendants. | |

## <u>COMPLAINT</u>

NOW COMES the PLAINTIFF FLOYD MARSH ("PLAINTIFF"), by and through his attorneys, Blake Horwitz and Kara Amouyal, Esq., of the Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, state the following against the above named Defendants, Sgt. HAIN, OFFICER TERRANCE HOFFMAN, UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS, (collectively, "DEFENDANT OFFICERS") and KANE COUNTY.

### A. <u>JURISDICTION</u>

1.  This action is brought pursuant to 18 U.S.C. §§ 1961, *et. seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Civil Rights Act of 1871, 42 U.S.C. § 1983, *Monell v. N.Y. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), and the Fourth and Fourteenth Amendments to the United States Constitution.

2.  The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

3.    Venue is appropriate in this Court, pursuant to 28 U.S.C. §1391(b), because the

events alleged in this Amended Complaint took place in this District.

## B. PLAINTIFF

4.    PLAINTIFF is a resident of the State of Oregon and the United States.

5.    At all relevant times, the DEFENDANT OFFICERS were employed by and acting on

behalf of the DEFENDANT KANE COUNTY.

6.    DEFENDANT KANE COUNTY is a duly incorporated municipal corporation.

7.    At all relevant times, DEFENDANT KANE COUNTY was the employer and principal of

DEFENDANT OFFICERS.

8.    At all relevant times, the DEFENDANT OFFICERS were acting under color of state

law, ordinance or regulation, statutes, custom and usages of DEFENDANT KANE

COUNTY.

9.    At all relevant times, the DEFENDANT OFFICERS were on duty and were duly

appointed police officers for DEFENDANT KANE COUNTY.

10.    The DEFENDANT OFFICERS engaged in the conduct that is the subject of this action in

the course and scope of his employment and while on duty.

11.    At all relevant times, Sgt. HAIN condoned, approved of, and/or turned a

blind eye to the DEFENDANT OFFICERS' conduct described more specifically

in this Complaint.

12.    Sgt. HAIN is being sued in his capacity as a supervisor.

13.    Sgt. HAIN is being sued in his individual capacity.

### C. FACTS RELATING TO THE RACKETEERING ACTIVITIES OF DEFENDANT OFFICERS IN FURTHERANCE OF DEFENDANT KANE COUNTY'S ENTERPRISE

14.    Desert Snow, LLC (hereinafter "Desert Snow") is a private, for-profit "Criminal and Terrorist Identification and Apprehension" company that provides training for law enforcement agencies in highway interdiction.

15.    Desert Snow has trained many law enforcement agencies around the country on the subject of highway interdiction.

16.    Desert Snow trains officers to extend the legally justified duration of traffic stops.

17.    Desert Snow trains officers to conduct warrantless searches of vehicles during traffic stops, even absent driver or passenger consent.

18.    Desert Snow trains officers to aggressively utilize asset forfeiture.

19.    as far back as July of 2013, Oklahoma judge David A. Stephens publicly criticized Desert Snow and its founder and owner for deceptively posing as a police officer employed by an Oklahoma government or municipality during a traffic stop.

20.    DEFENDANT Sgt. HAIN was at all times relevant hereto employed by Desert Snow.

21.    At all relevant times, DEFENDANT KANE COUNTY had notice of and acquiesced to DEFENDANT Sgt. HAIN's employment with Desert Snow.

22.    DEFENDANT Sgt. HAIN has received training on highway interdiction from Desert Snow.

23.    DEFENDANT KANE COUNTY has paid for training for its police officers on the subject of highway interdiction.

24.    DEFENDANT KANE COUNTY paid for this training.

25.    DEFENDANT Sgt. HAIN and other UNKNOWN KANE COUNTY SHERIFF'S

OFFICE OFFICERS have carried out hundreds of traffic stops that resulted in asset forfeiture.

26.    in addition to highway interdiction, DEFENDANT Sgt. HAIN and other UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS have utilized asset forfeiture in non-traffic stop situations.

27.    DEFENDANT Sgt. HAIN and other UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS have forfeited assets, including money and vehicles, of hundreds of persons who were never arrested or charged with a crime.

28.    DEFENDANT Sgt. HAIN has stated that asset forfeiture could be "a tax-liberating gold mine" and has stated that governments can "pull in expendable cash hand over fist".

29.    DEFENDANT KANE COUNTY has received millions of dollars of cash and assets due to the asset forfeiture carried out by DEFENDANT Sgt. HAIN and other UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS.

30.    Black Asphalt, LLC (hereinafter "Black Asphalt"), is owned and was founded by the individual that founded and owns Desert Snow.

31.    Black Asphalt is a private, for-profit database that allows law enforcement across the nation to share information about motorists.

32.    Black Asphalt users share information about motorists for the purpose of facilitating highway interdiction.

33.    Black Asphalt contains personal, private, and confidential information of thousands of United States and Illinois citizens, including social security numbers, vehicle identification numbers, names, and addresses.

34.    at all relevant times, Black Asphalt was controlled by DEFENDANT KANE COUNTY.

35.     at all relevant times, DEFENDANT Sgt. HAIN was the point of contact for Black Asphalt.

### D.   FACTS RELATING TO THE SEARCH AND SEIZURE OF PLAINTIFF AND PLAINTIFF'S PROPERTY

36.     On February 13, 2014, PLAINTIFF was traveling on the interstate through Kane County, Illinois.

37.     On February 13, 2014, DEFENDANT Sgt. HAIN conducted a traffic stop on PLAINTIFF (hereinafter referred to as "the traffic stop").

38.     DEFENDANT Sgt. HAIN did not have legal justification to conduct a traffic stop on PLAINTIFF.

39.     DEFENDANT Sgt. HAIN approached the vehicle and asked for PLAINTIFF's license.

40.     DEFENDANT Sgt. HAIN performed a search using PLAINTIFF's license to determine if PLAINTIFF had any outstanding warrants.

41.     DEFENDANT Sgt. HAIN ascertained that PLAINTIFF had no outstanding warrants.

42.     DEFENDANT Sgt. HAIN continued questioning PLAINTIFF.

43.     PLAINTIFF answered DEFENDANT Sgt. HAIN's questions.

44.     PLAINTIFF asked DEFENDANT Sgt. HAIN if PLAINTIFF was free to go.

45.     PLAINTIFF asked DEFENDANT Sgt. HAIN if PLAINTIFF was free to go at least two (2) times.

46.     During the questioning, DEFENDANT Sgt. HAIN stood next to or against PLAINTIFF's vehicle.

47.     During the questioning, DEFENDANT Sgt. HAIN leaned parts of his body, including his head and arms, into PLAINTIFF's vehicle through an open window.

48.  DEFENDANT Sgt. HAIN stood in such a way that PLAINTIFF could not pull away from the traffic stop.

49.  The actions of DEFENDANT Sgt. HAIN, as described above, constituted a seizure of PLAINTIFF.

50.  DEFENDANT Sgt. HAIN did not have legal justification to seize PLAINTIFF, as descried above.

51.  Alternatively, DEFENDANT Sgt. HAIN did not have legal justification to continue the traffic stop beyond the point at which DEFENDANT Sgt. HAIN performed a search using PLAINTIFF's license.

52.  During the traffic stop, one or more UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS arrived at the scene of the traffic stop.

53.  DEFENDANT Sgt. HAIN told PLAINTIFF that he would search the vehicle.

54.  PLAINTIFF did not consent to the search.

55.  During the initial search of the vehicle, DEFENDANT Sgt. HAIN did not find any illegal or otherwise suspicious articles in the vehicle.

56.  After the initial search, DEFENDANT Sgt. HAIN called DEFENDANT HOFFMAN, a canine handler, to the scene of the traffic stop.

57.  DEFENDANT HOFFMAN's canine is trained to give an alert if the canine detects the presence of drugs.

58.  DEFENDANT HOFFMAN's canine sniffed the interior and exterior of PLAINTIFF's vehicle.

59.  DEFENDANT HOFFMAN's canine did not give the alert signal.

60.     DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE
        OFFICER placed handcuffs on PLAINTIFF.

61.     DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE
        OFFICER ordered that PLAINTIFF be transported to the DEFENDANT KANE
        COUNTY Sheriff's Office.

62.     PLAINTIFF was placed under arrest.

63.     At no time on or before February 13, 2014 did any employee of DEFENDANT KANE
        COUNTY, including DEFENDANT Sgt. HAIN and DEFENDANT OFFICER
        HOFFMAN, have a warrant to conduct the above-described actions.

64.     At no time on or before February 13, 2014 did any employee of DEFENDANT KANE
        COUNTY, including DEFENDANT Sgt. HAIN and DEFENDANT OFFICER
        HOFFMAN, have PLAINTIFF's consent to conduct the above-described actions.

65.     At no time on or before February 13, 2014 did any employee of DEFENDANT KANE
        COUNTY, including DEFENDANT Sgt. HAIN and DEFENDANT OFFICER
        HOFFMAN, have PLAINTIFF's consent to conduct the above-described actions.

66.     At no time on or before February 13, 2014 did any employee of DEFENDANT KANE
        COUNTY, including DEFENDANT Sgt. HAIN and DEFENDANT OFFICER
        HOFFMAN, have legal justification to conduct the above-described actions.

67.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and any UNKNOWN
        KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop knew
        the seizure and/or arrest of PLAINTIFF during the traffic stop was without legal
        justification.

68.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and any UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop had a reasonable opportunity to prevent the seizure and/or arrest of PLAINTIFF during the traffic stop.

69.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and any UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop failed to intervene in the seizure and/or arrest of PLAINTIFF during the traffic stop.

70.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and any UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop knew the  search of PLAINTIFF's vehicle during the traffic stop was without legal justification.

71.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and any UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop had a reasonable opportunity to prevent the  search of PLAINTIFF's vehicle during the traffic stop.

72.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and any UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop failed to intervene in the  search of PLAINTIFF's vehicle during the traffic stop.

73.     At the conclusion of the traffic stop, DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER ordered the PLAINTIFF's vehicle be towed to the DEFENDANT KANE COUNTY Sheriff's Office.

74.     PLAINTIFF's vehicle was towed to the DEFENDANT KANE COUNTY Sheriff's Office.

75. At no time did PLAINTIFF consent to having his car towed to the DEFENDANT KANE COUNTY Sheriff's Office.

76. One or more DEFENDANT OFFICERS seized PLAINTIFF's vehicle by towing it to the DEFENDANT KANE COUNTY Sheriff's Office.

77. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER did not have legal justification to tow PLAINTIFF's vehicle to the DEFENDANT KANE COUNTY Sheriff's Office.

78. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER searched through the data contained on PLAINTIFF's GPS device.

79. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER did not have a warrant to search through the data contained on PLAINTIFF's GPS device.

80. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER did not have legal justification to search through the data contained on PLAINTIFF's GPS device.

81. DEFENDANT OFFICERS knew the search of PLAINTIFF's GPS data was without legal justification.

82. DEFENDANT OFFICERS had a reasonable opportunity to prevent the search of PLAINTIFF's GPS data.

83. DEFENDANT OFFICERS failed to intervene in the search of PLAINTIFF's GPS data.

84. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER obtained a warrant to search PLAINTIFF's vehicle.

85. The search warrant was based on false information.

86. The search warrant was tainted based on the unjustified seizure during the traffic stop, described above.

87. The search warrant was not valid.

88. At no time did PLAINTIFF consent to allow any DEFENDANT OFFICER to search his car.

89. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER re-searched PLAINTIFF's vehicle at the DEFENDANT KANE COUNTY Sheriff's Office.

90. DEFENDANT Sgt. HAIN completed an affidavit for forfeiture of the vehicle.

91. DEFENDANT Sgt. HAIN seized PLAINTIFF's vehicle by completing an affidavit for forfeiture of the vehicle.

92. DEFENDANT Sgt. HAIN did not have legal justification to complete an affidavit for forfeiture on PLAINTIFF's vehicle.

93. DEFENDANT OFFICERS knew the seizure of PLAINTIFF's vehicle was without legal justification.

94. DEFENDANT OFFICERS had a reasonable opportunity to prevent the seizure of PLAINTIFF's vehicle.

95. DEFENDANT OFFICERS failed to intervene in the seizure of PLAINTIFF's vehicle.

**<u>COUNT I</u>**
**<u>§ 1983 Unreasonable Seizure of Person/Failure to Intervene</u>**
<u>(PLAINTIFF Against DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN,
and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS)</u>

96. PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

97.     As detailed above, DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS detained PLAINTIFF during the traffic stop.

98.     As detailed above, PLAINTIFF was detained during traffic stops for a time and/or in a manner that was not legally justified given the totality of the circumstances surrounding the traffic stop.

99.     DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS did not have a warrant, consent, exigent circumstances, or any other legal justification to detain PLAINTIFF for an extended duration during the traffic stop.

100.    Detaining PLAINTIFF in this manner without any legal justification violated his Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

101.    The actions of DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS alleged herein were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFF sustained.

102.    Additionally, DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS knew that PLAINTIFF was being unreasonably seized, had the reasonable opportunity to prevent the unreasonable seizure, yet failed to do so.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS and award compensatory and punitive

damages, court costs, attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT II
### § 1983 False Arrest/Failure to Intervene
(PLAINTIFF Against DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS)

103.   PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

104.   As detailed above, DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER arrested PLAINTIFF.

105.   DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER did not have a warrant, probable cause, or any other legal justification to arrest PLAINTIFF.

106.   The actions of DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER in arresting PLAINTIFF without any legal justification violated his Fourth Amendment right to be free from unreasonable seizures.

107.   The actions of DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER alleged herein were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFF sustained.

108.   Additionally, DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS knew that PLAINTIFF was arrested without lawful justification, had the reasonable opportunity to prevent the false arrest, yet failed to do so.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS and award compensatory and punitive

damages, court costs, attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT III
### State Law False Imprisonment
### (PLAINTIFF Against DEFENDANT KANE COUNTY)

109.   PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

110.   As detailed above, one or more DEFENDANT OFFICERS detained PLAINTIFF during a traffic stop.

111.   As detailed above, PLAINTIFF was detained during a traffic stop for a time and/or in a manner that was not legally justified given the totality of the circumstances surrounding the traffic stops.

112.   One or more DEFENDANT OFFICERS did not have a warrant, consent, exigent circumstances, or any other legal justification to detain PLAINTIFF for an extended duration during the traffic stops.

113.   Detaining PLAINTIFF without any legal justification violated the Constitution of the State of Illinois and Illinois law.

114.   Additionally or alternatively, as detailed above, PLAINTIFF was arrested pursuant to the traffic stop.

115.   One or more DEFENDANT OFFICERS did not have a warrant, consent, exigent circumstances, or any other legal justification to arrest PLAINTIFF.

116.   Arresting PLAINTIFF without any legal justification violated the Constitution of the State of Illinois and Illinois law.

117.    The actions of o n e o r m o r e DEFENDANT OFFICERS alleged herein were the direct and proximate cause of the state law violations and the resulting injuries that PLAINTIFF sustained.

118.    The false imprisonment committed against PLAINTIFF was done willfully and wantonly, in the course and scope of his employment, and thus DEFENDANT KANE COUNTY is liable based on a theory of *respondeat superiror*.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANT KANE COUNTY and award compensatory damages, court costs, attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT IV
### §1983 Unreasonable Search of Property/Failure to Intervene
#### (PLAINTIFF Against DEFENDANT OFFICERS)

119.    PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

120.    As detailed above, DEFENDANT OFFICERS entered and searched PLAINTIFF's vehicle during the traffic stop.

121.    DEFENDANT OFFICERS did not have a warrant, consent, exigent circumstances, or any other legal justification to search the PLAINTIFF's vehicle during the traffic stop.

122.    As detailed above, DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER searched through the data on PLAINTIFF's GPS device.

123.    DEFENDANT OFFICERS did not have a warrant, consent, exigent circumstances, or any other legal justification to search through the data on PLAINTIFF's GPS device.

124.    As detailed above, DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICER searched PLAINTIFF's vehicle after the traffic stop.

125. DEFENDANT Sgt. HAIN or an UNKNOWN KANE COUNTY SHERIFF'S OFFICE

OFFICER searched PLAINTIFF's vehicle after the traffic stop pursuant to an invalid

warrant.

126. The DEFENDANT OFFICER who searched PLAINTIFF's vehicle after the traffic stop

knew the warrant was invalid.

127. The DEFENDANT OFFICER did not have a valid warrant, consent, exigent

circumstances, or any other legal justification to search the PLAINTIFF's vehicle after

the traffic stop.

128. Searching PLAINTIFF's property without any legal justification violated his Fourth

Amendment rights, as guaranteed by the Fourteenth Amendment.

129. The actions of DEFENDANT OFFICERS alleged herein were the direct and proximate

cause of the constitutional violations and the resulting injuries that PLAINTIFF

sustained.

130. Additionally, DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and

UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS knew that

PLAINTIFF's property was being unreasonably searched, had the reasonable opportunity

to prevent the unreasonable search, yet failed to do so.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and

against DEFENDANT OFFICERS and award compensatory and punitive damages, court costs,

attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT V
### § 1983 Unreasonable Seizure of Property/Failure to Intervene
(PLAINTIFF Against DEFENDANT Sgt. HAIN,
DEFENDANT OFFICER HOFFMAN,
and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS)

131.    PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

132.    As detailed above, DEFENDANT Sgt. HAIN seized PLAINTIFF's property.

133.    DEFENDANT Sgt. HAIN did not have a warrant, consent, exigent circumstances, or any other legal justification to seize PLAINTIFF's property.

134.    Seizing PLAINTIFF's property without any legal justification violated his Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

135.    Additionally, DEFENDANT OFFICER HOFFMAN and any UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS at the scene of the traffic stop knew that PLAINTIFF's property was being unreasonably seized, had the reasonable opportunity to prevent the unreasonable seizure, yet failed to do so.

136.    The actions of DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS alleged herein were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFF sustained.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANT Sgt. HAIN, DEFENDANT OFFICER HOFFMAN, and UNKNOWN KANE COUNTY SHERIFF'S OFFICE OFFICERS and award compensatory and punitive damages, court costs, attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT VI
## § 1983 Failure to Train, Supervise, or Discipline (*Monell* Action)
<u>(PLAINTIFF Against DEFENDANT KANE COUNTY)</u>

137. PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

138. In February of 2014, and for a period of time prior thereto, DEFENDANT KANE COUNTY had notice of a widespread practice by their employees under which citizens such as PLAINTIFF were routinely subjected to unreasonable seizures and searches without legal justification during traffic stops.

139. It is common for police officers employed with DEFENDANT KANE COUNTY to stop and prolong the detention of or falsely arrest citizens, to seize property, and to conduct searches of citizens' property, all without a legally sufficient justification.

140. Specifically, there exists a widespread practice at the DEFENDANT KANE COUNTY Sheriff's Office under which officers commonly:

    A) Prolong citizens' detentions pursuant to traffic stops without a legally sufficient basis;

    B) Search vehicles without legal justification during those stops;

    C) Seizing citizens' property without legal justification as a result of those stops;

141. Further, DEFENDANT KANE COUNTY Sheriff's Office fails to discipline officers who have conducted legally deficient stops, searches, and seizures as described above.

142. This widespread practice is allowed to flourish because DEFENDANT KANE COUNTY Sheriff's Office directly encourages, and is thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control officers, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting PLAINTIFF.

143.  Further, as described above, DEFENDANT KANE COUNTY Sheriff's Office

financially benefits from and directly encourages the unconstitutional use of asset

forfeiture by:

A)  Acquiescing to DEFENDANT Sgt. HAIN's employment with Desert

Snow, a company that trains officers to use aggressive highway

interdiction techniques including, but not limited to, extending the legally-

justified duration of a traffic stop, conducting vehicle searches without

legal justification, and commencing asset forfeiture proceedings absent

legal justification; and

B)  Hosting Black Asphalt, a nation-wide, privately-owned database that

facilitates highway interdiction.

144.  In this way, DEFENDANT KANE COUNTY violated the rights of PLAINTIFF by

maintaining policies and practices that were the moving force for the aforementioned

constitutional violations.

145.  The above-described widespread practices, so well-settled as to constitute de facto policy

in DEFENDANT KANE COUNTY, were able to exist and thrive because governmental

policymakers with authority over the same, exhibited deliberate indifference to the

problem, thereby effectively ratifying it.

146.  These widespread practices of DEFENDANT KANE COUNTY Sheriff's Office,

perpetrated on PLAINTIFF as described above, violated his Fourth Amendment rights, as

guaranteed by the Fourteenth Amendment.

147.  These widespread practices were the direct and proximate cause of the constitutional

violations and the resulting injuries that PLAINTIFF sustained.

148.    The injuries to PLAINTIFF were caused by employees of the DEFENDANT KANE
        COUNTY Sheriff's Office, including, but not limited to, the individually-named
        DEFENDANT OFFICERS, who acted pursuant to DEFENDANT KANE COUNTY
        Sheriff's Office policies and practices in engaging in the misconduct described in this
        Count.

WHEREFORE, pursuant to *Monell v. N.Y. Dep't of Soc. Servs.,* 436 U.S. 658 (1978),

PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against

DEFENDANT KANE COUNTY and award compensatory damages, court costs, attorneys' fees,

and such other relief that this Court deems just and equitable.

## COUNT VII
### §1983 Claim for Supervisory Liability
#### (PLAINTIFF Against DEFENDANT Sgt. HAIN)

149.    PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

150.    DEFENDANT Sgt. HAIN approved, facilitated, condoned, and/or ordered the actions of
        DEFENDANT OFFICERS against PLAINTIFF as described in this Complaint.

151.    In the alternative, DEFENDANT Sgt. HAIN knew about DEFENDANT OFFICERS'
        conduct and/or turned a blind eye to DEFENDANT OFFICERS' conduct against
        PLAINTIFF as described in this Complaint.

152.    DEFENDANT Sgt. HAIN's actions, described in this Count, violated the Fourth
        Amendment rights of PLAINTIFF, as guaranteed by the Fourteenth Amendment, to be
        free from unreasonable searches, seizures, and false arrests.

153.    DEFENDANT Sgt. HAIN's actions, described in this Count, were a proximate cause of
        the constitutional violations and the resulting injuries that PLAINTIFF sustained.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANT Sgt. HAIN and award compensatory and punitive damages, court costs, attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT VII
### 18 U.S.C. § 1961 – Racketeer Influenced and Corrupt Organizations
(PLAINTIFF Against DEFENDANT OFFICERS)

154.   PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

155.   The racketeering enterprises in this cause are the DEFENDANT KANE COUNTY Sheriff's Office and DEFENDANT KANE COUNTY, in which the DEFENDANT OFFICERS and sheriff's deputies and other unknown officials and officers used his official positions to illegally commit a pattern of racketeering activity, including but not limited to false imprisonment, robbery, obstruction of justice, intimidation, and interference with commerce by intimidation, as detailed more fully throughout this Complaint.

156.   As detailed above, the DEFENDANT OFFICERS and other as of yet unknown officials and officers and deputies conducted and participated in the conduct of the DEFENDANT KANE COUNTY Sheriff's Office and DEFENDANT KANE COUNTY through a pattern of racketeering activity and conspired amongst themselves and others unnamed to do the same.

157.   As a direct and proximate result of the racketeering violations described above, PLAINTIFF was injured in his property.

158.   The DEFENDANT OFFICERS are employed by and associated in fact with said enterprises, DEFENDANT KANE COUNTY Sheriff's Office and DEFENDANT KANE COUNTY.

159.   The DEFENDANT OFFICERS, while acting individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of his employment, directly and indirectly, conducted and participated in the affairs of the DEFENDANT KANE

COUNTY Sheriff's Office and DEFENDANT KANE COUNTY, through a pattern of racketeering activity, as is more fully described throughout this complaint.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANT OFFICERS jointly and severally, and award compensatory damages in an amount in excess of Sixteen Thousand Dollars ($16,000) and treble damages in an amount in excess of Forty-Eight Thousand ($48,000), and court costs, attorneys' fees, and such other relief that this Court deems just and equitable.

## COUNT IX
## 745 ILCS 10/9-102 Claim Against DEFENDANT KANE COUNTY

160.    PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

161.    DEFENDANT KANE COUNTY is the employer of the DEFENDANT OFFICERS.

162.    One or more of the DEFENDANT OFFICERS committed the acts alleged above under color of law  and in the scope of his employment by DEFENDANT KANE COUNTY.

WHEREFORE, should one or more of the DEFENDANT OFFICERS be found liable for any of the federal claims in this action, PLAINTIFF demand that KANE COUNTY pay to PLAINTIFF any judgment (other than punitive damages) obtained in this action against one or more DEFENDANT OFFICERS, pursuant to 745 ILCS 10/9-102.

## COUNT X
## Supplementary Claim for *Respondeat Superior*

163.    PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

164.    The acts of the DEFENDANT OFFICERS, which violated Illinois state law, were committed in the scope of the DEFENDANTS OFFICERS' employment by the DEFENDANT KANE COUNTY.

165.    Thus, DEFENDANT KANE COUNTY, as the DEFENDANT OFFICERS' principal, is

liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any state law claims alleged herein, PLAINTIFF demand judgment against the DEFENDANT KANE COUNTY (other than for punitive damages) as well as any additional relief.

### JURY Demand

Plaintiff demands trial by jury.

Respectfully Submitted,

*/s/ Kara Amouyal*_____
One of the Attorneys for the PLAINTIFF

**THE BLAKE HORWITZ LAW FIRM, LTD.**
Blake Horwitz, Esq.
Kara Amouyal, Esq.
111 W. Washington St., Suite 1611
Chicago IL 60602
Telephone: (312) 676-2100
Fax: (312) 445-8741