IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 2220 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald Guzman |
| SGT. HAIN, #610, OFFICER TERRANCE | ) | |
| HOFFMAN, UNKNOWN KANE | ) | |
| COUNTY SHERIFF'S OFFICE OFFICERS | ) | |
| AND KANE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**KANE COUNTY SHERIFF DONALD KRAMER'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS
COUNT V OF THE FIRST AMENDED COMPLAINT**

NOW COMES Defendant, KANE COUNTY SHERIFF DONALD KRAMER (hereinafter "SHERIFF"), by and through its attorneys, State's Attorney Joseph H. McMahon, through his Assistants Kathleen K. Watson and Deborah A. Lang, and requests, pursuant to FED. R. CIV. P. 12(b)(6) that this Honorable Court dismiss Count V of the Amended Complaint. In support of such Motion, Defendant hereby states as follows.

**BACKGROUND**

Counts V of the Amended Complaint seeks relief from the SHERIFF, based on the alleged misconduct of two officers of the Kane County Sheriff's Office. Plaintiff claims these officers violated the Civil Rights Act, 42 U.S.C. §1983, relating to a search and seizure of Plaintiff's automobile, and Plaintiff's subsequent arrest. Count V attempts to establish a *Monell* claim against the Sheriff for his alleged failure to train, supervise, or discipline his employees.

## STANDARD FOR DISMISSAL

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 1949 (2009)("noting that this tenet is "inapplicable to legal conclusions"). To defeat a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, (2007)). The United States Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1049 (quoting *Twombly*, 550 U.S. at 556). A complaint that contains factual allegations that are "merely consistent with a defendant's liability…stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations omitted).

## ARGUMENT

### COUNT V-§1983 Failure to Train, Supervise, or Discipline (*Monell* Action)
(PLAINTIFF Against DONALD KRAMER,
in his official capacity as KANE COUNTY SHERIFF)

Plaintiff's claim against the SHERIFF, in his official capacity, is essentially a claim against the Kane County Sheriff's Office. To state a cause of action against a municipality under §1983, a plaintiff must plead and prove that his injury resulted from an "official custom or policy" of the municipality. *Monell v. Department of Social Services,* 436 U.S 658 (1978), at 659. Plaintiff has alleged specific details of one incident of officer misconduct, as evidence of a widespread practice. In order to establish a municipal policy or custom, a plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident in which plaintiff suffered a deprivation will not suffice. *Doe v. Bobbitt*, 665 F. Supp.

691, 694 (N.D. Ill. 1987) *citing Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). To establish municipal liability under *Monell*, a plaintiff must produce evidence of "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id*. Thus, a plaintiff must show both (1) a policy or practice that, when enforced, results in a constitutional injury; and (2) that they did, in fact, suffer a constitutional injury. *Fluker v. Cnty. Of Kankakee,* 945 F. Supp. 2d 972, 987-88 (C.D. Ill. 2013) aff'd, 741 F.3d 787 (7th Cir. 2013).

Plaintiff does not attempt to allege an express policy or a constitutional injury by a person with final policy making authority. The First Amended Complaint attempts to establish a *Monell* claim based on allegations of a widespread practice, but alleges specific details about only one incident of alleged misconduct by Defendant OFFICERS. The general allegations that the practices were widespread do not meet the pleading requirements that were established in *Iqbal* and *Twombly*, as discussed above. The *Monell* claim set forth in Count V, supported by specific details of a single incident of alleged misconduct only, does not establish liability against the SHERIFF in his official capacity.

## CONCLUSION

WHEREFORE, Defendant, KANE COUNTY SHERIFF DONALD KRAMER, respectfully requests that this Court dismiss Count V of Plaintiff's First Amended Complaint and for any other relief that this Court deems just.

                                      Respectfully submitted,
                                      KANE COUNTY SHERIFF DONALD KRAMER
                                      By: /s/ Kathleen K. Watson
                                      Assistant State's Attorney

JOSEPH H. MCMAHON
KANE COUNTY STATE'S ATTORNEY
Kathleen K. Watson
Derborah A. Lang
Assistant State's Attorneys
100 S. Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
watsonkathleen@co.kane.il.us
Atty. Reg. No. 6192972

5